# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8018 | **DATE** | 3/22/2000 |
| **CASE TITLE** | Maureen Whalen vs. Harbour Contractors, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Every one of the components of the Answer and Ads referred to in this opinion must be and is stricken. Harbour is however granted leave to file a fully corrective Amended Answer and Ads in this Court's chambers on or before March 30, 2000 (failing which all of the Complaint's allegations corresponding to the flawed Answer paragraphs will be deemed admitted, and all of the defective Ads will remain stricken).
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 3-23-00 date docketed | |
| | Notified counsel by telephone. | | 4 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 3/22/2000 date mailed notice | |
| SN | courtroom deputy's initials | SN mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAUREEN WHALEN,                )
                               )
            Plaintiff,         )
                               )
      v.                       )    No.  99 C 8018
                               )
HARBOUR CONTRACTORS, INC.,     )
                               )
            Defendant.         )

MEMORANDUM OPINION AND ORDER

Harbour Contractors, Inc. ("Harbour") has filed its Answer and Affirmative Defenses ("ADs") to the Americans with Disabilities Act action brought against it by its ex-employee Maureen Whalen. Because that responsive pleading exhibits all four of the most common (but unjustified) federal pleading errors that this Court encounters from defense counsel, this memorandum opinion and order is issued sua sponte to return counsel to the drawing board to correct those defects.

First, where do some lawyers (too many, unfortunately--even one should be too many) get the mistaken notion that the existence of a "legal conclusion" in a complaint's allegations entitles them to a self-determination that they need not answer the allegation? Surely not from our Court of Appeals (see, e.g., Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995)) or from the Supreme Court (see, e.g., Neitzke v. Williams, 490 U.S.

319, 325 (1989) and <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992)), each of which has recognized that legal conclusions play an integral role in federal pleading. And surely not from Fed. R. Civ. P. ("Rule") 8(b), which requires a response to <u>every</u> allegation ("averment") in a complaint. And assuredly not from the Appendix of Forms approved as models by Rule 84 (see Form 21, which <u>admits</u> the jurisdictional allegation in Form 8--the paradigmatic legal conclusion). In light of that unanimity, it is doubly distressing when such nonresponses pervade a pleading submitted by counsel who might have been assumed to know better.[1]

Yet such refusal to respond permeates Harbour's pleading here (Answer ¶¶1, 2, 3, 7, 9, 14, 15 and 18). All of those paragraphs of the Answer are therefore stricken, albeit with leave granted to provide an appropriate real answer promptly.

Next, the second sentence of Rule 8(b) spells out precisely what a responsive pleader who can neither admit nor deny an allegation must disclaim (in the objective good faith demanded by Rule 11, of course) to derive the benefit of a deemed denial.

---

[1] Although this Court is not acquainted with the pleader here, his partner is well known to this Court not only as an experienced and able practitioner (from prior cases on this Court's calendar) but also as a regular contributor on legal subjects to the pages of the <u>Chicago Daily Law Bulletin</u>.

2

Despite the precise nature of that roadmap, Answer ¶¶5, 6, 20, 26 and 32 run off the road by omitting any reference to the claimed absence of <u>information</u> sufficient to form a belief, a requirement plainly more demanding than the absence of <u>knowledge</u> sufficient to form a belief (see <u>Gilbert v. Johnston</u>, 127 F.R.D. 145, 146 (N.D. Ill. 1989) and <u>King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.</u>, 180 F.R.D. 332 (N.D. Ill. 1998)). All those paragraphs of the Answer are also stricken, again with leave granted to correct <u>that</u> error (but while counsel goes about that task, he must also eliminate the meaningless demands for "strict proof," whatever that is).

Next, Answer ¶¶27 and 29 refer to each of two documents attached to Whalen's Complaint as "speak[ing] for itself." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)--but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the only three alternatives that <u>are</u> permitted by Rule 8(b) in response to all allegations, including those regarding the contents of documents. No reason appears why Harbour should not respond by admitting any allegation that accurately describes the content of whatever part of a document is referred to.

3

Finally, certain of Harbour's ADs are also problematic. It will be remembered that an AD is essentially akin to the common law plea in confession and avoidance: It <u>admits</u> all of the allegations of a complaint, but then goes on to advance a reason why defendant is not liable to plaintiff anyway (or, as in the case of comparative negligence, may be liable to plaintiff for less than plaintiff claims). See this Court's discussion of Rule 8(c) in <u>Bobbitt v. Victorian House, Inc.</u>, 532 F.Supp. 734, 736-37 (N.D. Ill. 1982), a decision approved in <u>Heller Financial, Inc. v. Midwhey Powder Co.</u>, 883 F.2d 1286, 1294 (7th Cir. 1989). In this instance:

1. AD 2 is at odds with Complaint ¶9, which it may be assumed will be put in issue by Harbour's Amended Answer. But the subject should not be left without comment on the ironic contrast between (a) Harbour's present refusal to respond to Complaint ¶9 because it states a legal conclusion and (b) Harbour's assertion of the flip side of that selfsame legal conclusion in AD 2.

2. AD 5 (quite permissibly) states a different legal conclusion: the proposed barring of any discrimination claims by Whalen that do not bear an appropriate relationship to her EEOC charge. But in that respect

4

Harbour must not leave Whalen's counsel and this Court in the dark--instead Harbour is obligated to specify just what assertions in Whalen's Complaint are thus barred.

3. Like AD 2, AD 6 does not qualify under Rule 8(c), this time because it is in direct conflict with Complaint ¶37 (which has already been placed in issue by Harbour's denial of the allegation there).

4. AD 9 says that Whalen's claims are barred "[t]o the extent Plaintiff has failed to comply with the procedural requirements necessary to file a Complaint based on a Charge of Discrimination." As in the case of AD 5, that does not advance the dialogue at all, for again Whalen's counsel and this Court are left in the dark as to just what procedural bases were not touched.

Every one of the components of the Answer and ADs referred to in this opinion must be and is stricken. Harbour is however granted leave to file a fully corrective Amended Answer and ADs in this Court's chambers on or before March 30, 2000 (failing which all of the Complaint's allegations corresponding to the flawed Answer paragraphs will be deemed admitted, and all of the

defective ADs will remain stricken).[2]

                                           */s/ Milton I. Shadur*
                                         Milton I. Shadur
                                         Senior United States District Judge

Date:   March 22, 2000

---

[2] No charge is to be made to Harbour for the added work and expense incurred in correcting its counsel's errors. Counsel are therefore ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

6